In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-408 CR


____________________



LUKE WADE ARMENTOR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 80582






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Luke Wade Armentor pleaded no contest to
aggravated robbery. The trial court found the evidence sufficient to find Armentor guilty,
but deferred further proceedings, placed Armentor on community supervision for ten years,
assessed a fine of $1000, and ordered Armentor to enter and successfully complete the
sheriff's office boot camp. On August 21, 2006, the State filed a motion to revoke
Armentor's unadjudicated community supervision. Armentor pleaded "true" to one of the
alleged violations and "not true" to the other. After conducting an evidentiary hearing, the
trial court found that Armentor violated one of the conditions of his community supervision,
found Armentor guilty of aggravated robbery, and assessed punishment at fifty years of
confinement. 

 Armentor's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeal is frivolous. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). We reviewed the appellate record, and we agree with counsel's conclusion that
no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). We affirm the trial court's judgment. (1)

 AFFIRMED.

 

 ________________________________

 CHARLES KREGER

 Justice


Submitted on April 6, 2007 

Opinion Delivered April 18, 2007

Do not publish 


Before Gaultney, Kreger, and Horton, JJ.
1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.